Dear Ms. LaBorde:
On behalf of the St. John the Baptist Parish School Board ("Board"), and as authorized by the Board through a resolution passed on March 31, 2005, you requested an opinion of this office regarding the renewal of the Board's contract with its Superintendent. Specifically, you ask whether the Board's actions at its January 20, 2005 meeting gave rise to an offer and acceptance of a three-year contract with the Superintendent pending negotiations.
The facts described in your request are as follows: at a regularly scheduled meeting held on January 20, 2005, the Board went into executive session to discuss renewal of the Superintendent's contract. Following the executive session, the Board voted, ten to one, to "authorize the Executive Committee to enter into negotiations with Superintendent Coburn over the terms of a three-year contract and come back to the Board not later than the next regularly scheduled meeting, February 17, 2005, with a contract that is acceptable to the Board and Superintendent Coburn." The contract matter was not raised at the February meeting. At the March 17, 2005 meeting, the Board discussed the contract matter once again in an executive session. At the conclusion of the executive session, a member of the Board stated that the Board had no firm offer to make despite the parties' efforts to resolve the contract matter, and moved to offer the Superintendent a one-year extension of his current contract and to immediately commence negotiations on a three-year contract. The Board's attorney then stated that there already was an offer and acceptance of a three-year contract pending negotiations (based on the Board's action at the January meeting) and that if the parties cannot reach an agreement on the contract, the Superintendent would remain under the current contract.
As the Board members disagreed on whether the January 2005 motion to authorize negotiations over the terms of a three- year contract constituted an irrevocable offer of a three-year contract, the Board passed a resolution on March 31, 2005 to request an opinion of this office on this issue. Your request, submitted pursuant to this resolution, relays the above facts. You have also provided this office with copies of the minutes of the Board's January and March meetings, and the March 31 resolution. No other information, documents or facts are provided.
Under Louisiana law, a contract "is an agreement by two or more parties whereby obligations are created, modified, or extinguished." La. Civ. Code art. 1906. There are four necessary elements for a valid contract: capacity, consent, lawful cause, and object. La. Civ. Code arts. 1918, 1927, 1966, 1971. Furthermore, a contract "is formed by the consent of the parties established through offer and acceptance. Unless the law prescribes a certain formality for the intended contract, offer and acceptance may be made orally, in writing, or by action or inaction that under the circumstances is clearly indicative of consent." La. Civ. Code art. 1927.
In the present situation, it is not contended that there exists a written contract between the parties. Therefore, the question is whether there was an oral contract in which the Board agreed to hire Mr. Coburn as the Superintendent for a three-year period, pending negotiations of the terms of that three-year contract.
Article 1846 of the Louisiana Civil Code regarding the proof for oral contracts provides: "When a writing is not required by law, a contract not reduced to writing, for a price or, in the absence of a price, for a value not in excess of five hundred dollars may be proved by competent evidence. If the price or value is in excess of five hundred dollars, the contract must be proved by at least one witness and other corroborating circumstances."
The first circuit discussed the burden of proof requirements of Article 1846 in Pennington Const., Inc. v. R.A. Eagle Corp., 94-575, p. 5 (La.App. 1 Cir. 3/3/95), 652 So.2d 637, 639
(citations omitted) as follows:
 "To meet the burden of proof of an oral contract by a witness and other corroborating circumstances, a party may serve as his own witness and the "other corroborating circumstances" may be general and need not prove every detail of the plaintiff's case. However, the corroborating circumstances that are required must come from a source other than the plaintiff. Whether there were corroborating circumstances sufficient to establish an oral contract is a question of fact." [Emphasis added.]
 Prestridge v. Elliott, 2003-94 (La.App. 3 Cir. 6/4/03), 847 So.2d 789 also considered the issue of whether there were corroborating circumstances sufficient to establish an oral contract to be a question of fact. Id., 847 So.2d at 791- 792.
In the instant situation, whether the Board, by voting at the January meeting to authorize the Executive Committee to negotiate the terms of a three-year contract with the Superintendent and report back in February with a mutually acceptable contract, intended to offer a three-year contract to the Superintendent pending negotiations is a question of fact. It would appear that a determination of that issue would depend on the Board's intent on the matter and all the facts surrounding and preceding the motion at the January meeting.
Assuming the Board's intent was indeed to offer a three-year contract pending negotiations, another issue (of fact) would be whether or not the Board intended that offer to be revoked when the Executive Committee failed to present the Board with a mutually acceptable contract at the February meeting as directed by the Board in January.
Another question relevant to the resolution of the issue you have posed is the form of the contract as contemplated by the parties. Article 1947 of the Louisiana Civil Code provides that, "[w]hen, in the absence of a legal requirement, the parties have contemplated a certain form, it is presumed that they do not intend to be bound until the contract is executed in that form." Thus, relevant to the Board's question as to whether there exist an offer and acceptance of a three-year contract pending negotiations is whether the Board and the Superintendent contemplated the three-year contract pending negotiations to be in a certain form (e.g., a written contract signed by both parties). Again, what the parties contemplated as to the form of that contract is a question of fact.
We have outlined above the law that would apply to the issue on which you have requested an opinion. However, this office cannot provide an opinion on whether there exists an offer and an acceptance of a three-year contract pending negotiations between the Board and the Superintendent under the facts described in your request, because a resolution of that issue would require us to determine questions of fact and the intent of the Board.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
With best regards,
 CHARLES C. FOTI, JR.
ATTORNEY GENERAL
BY: _____________________________
 Uma M. Subramanian Assistant Attorney General
CCF, Jr.:UMS:lrs